UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARILYN POWELL COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-625 |
| | ) | (VARLAN/GUYTON) |
| DR. CHARLES B. COOK, FAYE ALSTON COOK, CARRIE B. COOK, and CHAS COOK, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This civil case is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate H. Bruce Guyton on October 23, 2013 [Doc. 4] and the "Motion to Ammended [sic] Original Complaint for Conspiracy Against Rights" [Doc. 5] filed by plaintiff. In the R&R, Magistrate Judge Guyton recommended that the Court dismiss plaintiff's complaint [Doc. 2] for jurisdictional deficiencies pursuant to pursuant to 28 U.S.C. § 1915(e) and that plaintiff be barred from the further filing of civil lawsuits without prior leave of the Court. In her motion to amend [Doc. 5], plaintiff notes that her son's name was spelled out completely in the initial complaint, that she wishes to sue the Cooks in their professional capacity, and that the original claim failed to state a claim upon which relief can be granted. Plaintiff also filed a Response to Report and Recommendation [Doc. 6], objecting to Judge Guyton's R&R.

## I. Report and Recommendation

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court is required to review de novo any part of a magistrate judge's disposition that has been properly objected to. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "Any dispositive report and recommendation by a magistrate judge is subject to de novo review by the district court *in light of specific objections filed* by any party." *Williams v. Bates*, 42 F.3d 1390, 1994 WL 677670, at *2 (6th Cir. 1994) (table) (emphasis in original) (citations omitted). The filing of a general or non-specific objection to a report and recommendation is tantamount to the filing of no objections at all. *Spencer v. Bouchard*, 49 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

In the R&R, the magistrate judge recommends that the case be dismissed for jurisdictional deficiencies pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In her response [Doc. 6], plaintiff discusses the alleged threats made at her by defendant Dr. Charles Cook, and claims that she has been to federal prison three times because of the defendants' actions. While stating that "this certainly does arise under the United States Constitution and the laws and treaties of the United States," and asserting that the court has jurisdiction, the defendant does not present any objections in a manner clear enough to enable this Court to discern the issues. Even viewing plaintiff's filings from the liberal

2

standard afforded *pro se* filings, the Court finds that these objections fall within the category of non-specific or general objections, and are otherwise in sufficient for the Court to determine the merits of plaintiff's arguments. Accordingly, the Court finds no merit to plaintiff's response/objection to the report and recommendation. Upon the Court's own review of the underlying complaint in this case, the Court concurs with the magistrate judge that this case suffers from jurisdictional deficiencies and that dismissal is proper.

The Court has carefully reviewed this matter and the Court is in agreement with the magistrate judge's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court will accept in whole the R&R [Doc. 4].

**II.     Motion to Amend [Doc. 5]**

In addition to filing a response to the R&R, plaintiff filed a motion to amend her complaint. "[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave," however, "when justice so requires." *Id.* Leave is appropriate "[i]n the absence of any apparent or declared reason," which may include, but is not limited to, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th

3

Cir. 2009). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Upon review of plaintiff's proposed amended complaint [Doc. 5-1], which consists of a single paragraph alleging that defendants conspired to have plaintiff incarcerated, the Court concludes that amendment of the complaint would be futile, as the amended complaint fails to state a claim for relief and does not otherwise address the deficiencies outlined by the R&R. Accordingly, plaintiff's motion to amend [Doc. 5] will be denied.

### III. Conclusion

For the reasons stated above, the R&R [Doc. 4] will be **ACCEPTED IN WHOLE**, plaintiff's motion to amend her complaint [Doc. 5] will be **DENIED**, and this case will be **DISMISSED with prejudice**. In addition, in light of plaintiff's numerous *pro se* filings,[1] plaintiff will be **PRECLUDED**, **RESTRAINED**, and **ENJOINED** from filing any additional lawsuit without seeking prior leave of the Court, to the extent described and set forth in the Order entered contemporaneously herewith.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] These filings include an action filed against Magistrate Judge Guyton on October 29, 2013, in Case No. 3:12-CV-654-CLC-CCS.